PER CURIAM.
This is one of a series of appeals seeking review of orders entered by the State Insurance Commissioner by which various rate filings by insurance companies and rate making organizations have been either rejected or approved
In the case sub judice the Commissioner approved an amended rate filing submitted by appellee, National Automobile Underwriters Association, increasing by 9.8% the amount of premium which the member insurance companies of the appellee association are authorized to charge for automobile physical damage insurance coverages. Appellant, who was intervenor in the proceedings before the Commissioner, has appealed the order, urging its reversal on the grounds that it is neither supported by a preponderance of the evidence nor is it in accordance with the requirements of law.
*345 At the hearing before the Commissioner appellant introduced the testimony of a certified public accountant whose analysis of the filing and the statistical information offered in support thereof led him to the conclusion that the proposed increase in rates sought by appellee association was neither warranted nor justified. Conversely, the expert witness testifying on behalf of the association analyzed and explained "the actuarial import of the statistical data ■submitted in support of the filing, and concluded that the requested rate increase was .in accordance with the criteria and standards specified by our statutes and was ■neither excessive, inadequate nor unfairly ■discriminatory.
Upon consideration of the evidence adduced by the parties, the filing and supporting data, the Commissioner agreed with ■the position of the association and concluded that the filing submitted by it conformed to the requirements of law and met the criteria and standards specified by the statutes relating to insurance rates permitted "to be charged by insurance companies operating in Florida.
We have reviewed the contentions of the parties, and the evidence which forms the basis of their respective positions. It is our view that the conclusions reached by the Commissioner as expressed in the order appealed are supported by a preponderance of the evidence, and accord with the essential requirements of law.[1] The controlling factors considered by this court in affirming the Commissioner’s action are set forth more particularly in the following decisions recently rendered by this court, to wit: Nationwide Mutual Insurance Company et al. v. Williams, State Treasurer and Insurance Commissioner (Fla.App.1966), 188 So.2d 368; Mutual Insurance Rating Bureau et al. v. Williams as Insurance Commissioner of the State of Florida (Fla.App.1966), 189 So.2d 389; Travelers Indemnity Company v. Williams as Insurance Commissioner of the State of Florida (Fla.App.1966), 190 So.2d 27, 190 So.2d 30. Appellant having failed to demonstrate error, the order appealed is affirmed.
WIGGINTON, Acting C. J., and JOHNSON and SACK, JJ., concur.

. F.S. § 627.061(1) (c), F.S.A., Making of rates; property insurance
“Due consideration shall be given to past and prospective loss experience within and outside this state, to the conflagration and catastrophe hazards, to a reasonable margin for underwriting profit and contingencies, to dividends, ■savings or unabsorbed premium deposits .allowed or returned by insurers to their ■policyholders, members or subscribers, to ■past and prospective expenses both countrywide and those specially applicable to this state, and to all other relevant fac-tors within and outside this state; and -in the case of fire insurance rates con.-sideration shall be given to the experience •of the fire insurance business during a period of not less than the most recent five-year period for which such experience is available.”
F.S. § 627.081(1) (a), F.S.A., Making of rates; casualty and surety
“Due consideration shall be given to past and prospective loss experience within and outside this state, to catastrophe hazards, if any, to a reasonable margin for underwriting profit and contingencies, to dividends, savings or unabsorbed premium deposits allowed or returned by insurers to their policyholders, members or subscribers, to past and prospective expenses both countrywide and those specially applicable to this state, and to all other relevant factors within and outside this state.”